IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-00958-CMA-KLM

QFA ROYALTIES LLC, a Delaware limited liability company; and
QIP HOLDER LLC, a Delaware limited liability company

    Plaintiffs,

v.

KANYA ENTERPRISES INC., a New York corporation
KIRESH SHAH, an individual; and
NEHAL SHAH, an individual

    Defendants.

## ORDER IMPOSING PERMANENT INJUNCTION

Having considered the Renewed Motion for Default Judgment and Permanent Injunction filed by Plaintiffs The Quiznos Master LLC and Quiznos Franchising LLC (together "Quiznos"), the Court makes the following findings and conclusions of law:

This action arises out of written franchise agreements entered into by and between Quiznos and Defendant Kanya Enterprises, Inc. (Kanya), which were personally guaranteed by Kiresh Shah and Nehal Shah ("Defendant Guarantors"). Pursuant to the franchise agreements, Defendant Kanya was granted the right, subject to the terms and conditions of the franchise agreements to operate Quiznos Restaurants at 84 West Main Street, Smithtown, New York 11787 ("Store 4060") and 11 Great Neck Road, Great Neck, New York 11021 ("Store 5907") (together the "Restaurants").

Quiznos alleged that notwithstanding the termination of the franchise agreements and Quiznos' demand that Kanya cease using Quiznos trademarks and service marks (the "Quiznos Marks"), Kanya and its agents continued to hold themselves out to the public as authorized franchisees of Quiznos, passing off former Restaurants 4060 and 5907 as being sponsored by, affiliated with, or endorsed by Quiznos. In particular, Quiznos alleged that Kanya continued to operate the Restaurants, selling submarine sandwiches at the very same location as its former Quiznos Sub restaurant and that Kanya was also using Quiznos confidential and proprietary information by selling to the public food using Quiznos recipes and system.

Quiznos filed the complaint requesting permanent injunctive relief in part to restrain Kanya and those acting in concert with it from further misconduct and pirating of the Quiznos trademarks and service marks, to bring to an end the consumer confusion which allegedly exists as a result of Kanya's infringement of those marks, and to enforce the post-termination obligations of the Defendants under the Franchise Agreements. Quiznos also seeks enforcement of the post-termination non-competition covenants set forth in the Franchise Agreements.

Based on the Defendants' default in this case, Quiznos well-pled allegations are deemed admitted. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003); *Vibe Tech., LLC v. Suddath*, No. 06-cv-00812, 2009 WL 2055186, at *1 (D. Colo. Jul7 10, 2009); *Caroline Records v. Westhoff*, No. 04-cv-02393-WDM, 2006 WL 538688, *2, (D. Colo. Jan 25, 2006). As a result, the Court finds that injury to Quiznos in

the form of consumer confusion and injury to the franchise name and marks, among other things, would be irreparable, outweighs any threatened injury to Defendants, and furthers the public interest. See *Big O Tires, LLC v. Wilke*, No. 09-cv-01696, 2010 WL 1258056, *2 (D. Colo. Mar 23, 2010); *Homewatch Intern., Inc. v. Draper*, No. 08-cv-01340, 2009 WL 3059115, at *1-2 (D. Colo. Sep. 22, 2009). Consequently, permanent injunctive relief is appropriate.

**ACCORDINGLY IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. Defendants, their officers, agents, servants, employees, and attorneys, and those people in active concert or participation with them, are permanently enjoined from:

   a. Using the Quiznos Marks or any trademark, service mark, logo or trade name that is confusingly similar to the Quiznos Marks;

   b. Otherwise infringing the Quiznos Marks or using any similar designation, alone or in combination with any other components;

   c. Passing off any of Kanya's products or services as those of Quiznos or its authorized franchisees;

   d. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Kanya's businesses, products or services;

   e. Causing a likelihood of confusion or misunderstanding as to Kanya's affiliation, connection or association with Quiznos and its franchisees or any of Quiznos products or services; and

      f.      Unfairly competing with Quiznos or its franchisees in any manner;

      2.      Defendants shall immediately perform the contractual post-termination obligations under the franchise agreements, including, without limitation, their obligations:

      a.      To take any and all necessary steps to cancel and/or transfer to Quiznos any telephone numbers associated with Quiznos or the Quiznos Marks used in connection with the operation of Kanya former Quiznos Restaurant; and

      b.      To return to Quiznos all operating manuals and other materials provided to Kanya in connection with the operation of its former Quiznos Restaurants, and all materials bearing any of the Quiznos Marks;

      3.      Defendants shall not, for a period of two (2) years, have any direct or indirect interest in any submarine, hoagie and/or deli-style sandwich restaurant located or operating within a five (5) mile radius of their former Quiznos Restaurants or within a five (5) mile radius of any other Quiznos Restaurant;

      4.      Defendants shall promptly eliminate their advertising under the Quiznos Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings and mass mailings, all at Defendants' cost.

5. Defendants, jointly and severally, shall pay to Quiznos past-due payments, attorney's fees, court costs and prejudgment interest in the total amount of $8,120.45, plus post-judgment interest as provided by law.

SO ORDERED this __24th__ day of February, 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge